## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Maria Twigg, | Civ. No. 13-2630 ADM/JJK |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| U.S. Bank, NA, as Trustee for the Structured Asset Investment Loan Trust, 2005-9, | |
| Defendant. | |

William B. Butler, Esq.,[1] Butler Liberty Law, LLC, counsel for Plaintiff.

Jessica Z. Savran, Esq., and Charles F. Webber, Esq., Faegre Baker Daniels LLP, counsel for Defendant.

---

[1] A disciplinary action against Mr. Butler is pending in the District of Minnesota based upon his noncompliance with sanctions orders in several foreclosure related actions. Dist. of Minn. Civ. File No. 13mc49 MJD, In the Matter of the Petition for Disciplinary Action Against William Bernard Butler. On December 26, 2013, the Eighth Circuit issued an order suspending Mr. Butler from practice before the Eighth Circuit "until he has either paid the sanctions ordered by the United States District Court for the District of Minnesota, or the District of Minnesota has made findings that he has substantially complied with his obligations to it." Order of 12/26/13, In re: William Bernard Butler, No. 13-9013 (8th Cir.). On January 14, 2014, Mr. Butler was likewise suspended from practice in the District of Minnesota pursuant to Order issued by Chief Judge Michael J. Davis in the disciplinary matter.

**INTRODUCTION**

**I.  BACKGROUND**

Plaintiff Maria Twigg obtained an interest in residential real property in Eden Prairie, Minnesota, by warranty deed dated January 19, 2004.  (Compl. ¶¶ 1-2, Doc. No. 1.)  On July 21, 2005, Plaintiff executed and delivered a note payable to BNC Mortgage Corporation, Inc. ("BNC") and a mortgage to BNC Mortgage, Inc. with MERS identified as nominee for BNC Mortgage, Inc.  (*Id.* ¶ 4, Ex. 1.)  On October 7, 2010, the law firm of Shapiro & Zielke, LLP ("Shapiro") drafted an assignment of mortgage from MERS to U.S. Bank National Association as Trustee for the Structured Asset Investment Loan Trust, 2005-9 ("U.S. Bank".)  The assignment was recorded in the Hennepin County Recorder on January 10, 2011, as Document No. A9608520.  (*Id.* ¶ 20, Ex. 4.)  On October 14, 2010, James E. Blue, Vice President of Loan Documentation for Wells Fargo Bank, N.A., executed a Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage ("NOP/POA") as attorney in fact for U.S. Bank.  This NOP/POA appointed Shapiro to foreclose the mortgage.  This NOP/POA was recorded on January 10, 2011.  (*Id.* ¶ 21, Ex. 5.)  On May 4, 2012, Ronald Spencer, an attorney at Shapiro, executed a Notice of Pendency of Proceeding to Foreclose Mortgage, which was recorded on May 7, 2012.  (*Id.* ¶ 22, Ex. 6.)

On November 15, 2012, Shapiro drafted a Notice of Pendency of Proceeding to Foreclose Mortgage. This Notice was signed by Gary J. Evers as attorney for Shapiro and recorded with the Hennepin County Recorder as Document No. A9872381. (*Id.* ¶ 23, Ex. 7.) On January 11, 2013, Shapiro, on behalf of US Bank, appeared at the sheriff's sale at which U.S. Bank successfully bid $193,800. (*Id.* ¶ 24, Ex. 8.) The certificate of sale was recorded on January 16, 2013. (*Id.*)

Plaintiff contends that the subject mortgage was securitized into a mortgage-backed security trust entitled "Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-9" (the "Trust"). She further contends that the governing documents of the trust and securitization process required execution and delivery of all assignments of mortgage to U.S. Bank, trustee of the Trust, prior to October 28, 2005, which was the closing date for the Trust. (*Id.* ¶¶ 6-9.) Plaintiff asserts that failure to satisfy this requirement opens the opportunity to now void the foreclosure sale and transfer of title to the property in 2013. (*Id.* ¶ 13.) Noting that the assignment of mortgage from MERS to U.S. Bank that was filed prior to the foreclosure was dated October 7, 2010, Plaintiff speculates that if the mortgage was assigned to U.S. Bank prior to October 28, 2005, as required by the trust agreement, then there was an unrecorded assignment and this violated the requirement of Minn. Stat. § 580.02

that all assignments be recorded before foreclosure. (*Id.* ¶¶ 31-32.) Alternatively, if the mortgage was not assigned to US Bank before October 28, 2005, then, Plaintiff alleges, "U.S. Bank cannot claim title to or any interest in the mortgage loan" because "[t]he 10/07/10 AOM [assignment of mortgage] violates the terms of the Securitization Documents and New York trust law which requires execution and delivery of all assignments of mortgage prior to October 28, 2005." (*Id.* ¶ 31.)

Plaintiff also raises two additional arguments about deficiencies in the foreclosure process. She contends that there is no power of attorney from U.S. Bank to Wells Fargo in the public real estate records giving Wells Fargo the authority to act as attorney in fact for US Bank. And she asserts that nobody who executed foreclosure-related documents had authority to do so. (*Id.* ¶ 34.)

In this action, Plaintiff seeks to invalidate the foreclosure sale of the property and thus void the Sheriff's Certificate of Sale of the subject property. This case should be dismissed because the Complaint fails to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter,

4

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).  It must not, however, give effect to conclusory allegations of law.  *Stalley ex rel. United States v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007).  The plaintiff must do more than offer "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.  Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

Ordinarily, if the parties present, and the court considers, matters outside of the pleadings, a Rule 12(b)(6) motion must be treated as a motion for summary judgment.  Fed. R. Civ. P. 12(d).  But the court may consider exhibits attached to the complaint and documents that are necessarily embraced by the complaint without converting the motion into one for summary judgment.  *Mattes v. ABC Plastics, Inc.,* 323 F.3d 695, 697 n.4 (8th Cir. 2003).  This matter is properly addressed as a Rule 12 motion to dismiss.

### III. ANALYSIS

#### A. Quiet Title

Plaintiff brings a quiet-title claim to determine adverse claims under Minn. Stat. § 559.01. Minnesota's quiet-title statute provides that "[a]ny person in possession of real property . . . may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively." Minn. Stat. § 559.01 (2012).

Plaintiff asserts that it is Defendant's burden to "prove its *[sic]* title to the Mortgage." (Compl. ¶ 37.) However, "[i]n order to survive Defendants' motion to dismiss, [Plaintiffs] must plead facts that support [their] quiet title claim sufficient to satisfy federal pleading standards." *Ko v. Mortg. Elec. Registration Sys.*, Civ. No. 13-596 (JRT/AJB), 2013 WL 4052680, at *2 (D. Minn. Aug. 9, 2013) (citing *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013)). This requires that a complaint "plead adequate facts to establish a plausible 'claim that the defendants' adverse claims are invalid.'" *Gharwal v. Fed. Nat'l Mortg. Ass'n*, Civ. No. 13-685 (PJS/JSM), 2013 WL 4838904, at *2 (D. Minn. Sept. 11, 2013) (quoting *Karnatcheva*, 704 F.3d at 548).

6

### 1. Unclean Hands

Plaintiff's claim for a determination of adverse claims must be dismissed because Plaintiff comes to this Court with unclean hands. In Minnesota, "[a]ctions to quiet title and determine adverse claims are equitable actions." *E.g.*, *Haubrich v. U.S. Bank Nat'l Ass'n*, No 12-565 (DSD/TNL) 2012 WL 3612023, at *3 (D. Minn. Aug. 21, 2012) (citations omitted), *aff'd*, 720 F.3d 979 (8th Cir. 2013). "A plaintiff who seeks equity must come into court with clean hands." *Id.* (finding dismissal of quiet-title claims warranted based on plaintiffs' default status) (citations omitted).

Plaintiff defaulted on the mortgage loan by failing to make promised payments, eventually leading to the foreclosure she now challenges after the sheriff's sale of the property and the expiration of the redemption period. *See* Compl. ¶ 24, Ex. 8 (Complaint denies defendant's legal right to declare default, but alleges facts that establish failure to make payments and occurrence of complete foreclosure process.) Plaintiff "seek[s] to declare [her] mortgage invalid after defaulting; as such, she comes to the present case with unclean hands." *Stilp v. HSBC Bank USA, N.A.*, No. 12-3098 (ADM/JJK), 2013 WL 1175025, at *4 (D. Minn. Mar. 20, 2013), *aff'd*, ___F. App'x ___, 2013 WL 5340399 (8th Cir. Sept. 25, 2013); *see also Haubrich*, 2012 WL 3612023, at *3, *aff'd*, 720 F.3d 979; *Novak v. JP Morgan Chase Bank, N.A.*, No. 12-589 (DSD/LIB), 2012 WL

3638513, at *4 (D. Minn. Aug. 23, 2012), *aff'd*, 518 F. App'x 498 (8th Cir. 2013) (Plaintiffs living in the house without making payments, and yet seeking to declare their mortgage invalid after defaulting, are essentially seeking equitable relief from an outcome of her own creation); *Butler v. Fed. Nat'l Mortg. Ass'n,* No. 12-2697 (SRN/TNL), 2013 WL 2145701, at *7 (D. Minn. May 15, 2003); *Yang Mee Thao-Xiong v. Am. Mortg. Corp.*, No. 13-354 (MJD/TNL), 2013 WL 3788799, at *4 (D. Minn. July 18, 2013).  Thus, Plaintiff cannot state an equitable quiet-title claim.

### 2. No Plausible Claim that Foreclosure Should be Invalidated

Even if the unclean hands defense did not dispose of Plaintiff's quiet title claim, her "unrecorded assignment" and "failure of authority to execute foreclosure-related documents" claims would nevertheless fail, just as they have in the countless other cases brought by Plaintiff's counsel, William Butler, in an attempt to defeat foreclosure and extend for as long as possible the period of time a defaulting mortgagor can stay in possession rent-free (except of course for the fees paid to Butler).  *See, e.g., Karnatcheva v. JP Morgan Chase Bank, N.A.*, 704 F.3d 545 (8th Cir. 2013).

Plaintiff has not set forth a plausible claim that the foreclosure should be invalidated.  The unrecorded assignment theory in this case is based on the argument that U.S. Bank violated the terms of the Trust because all the

8

mortgages in the securitization pool should have been assigned to U.S. Bank at the time of the Trust's creation in 2005, but in the case of Plaintiff's mortgage, the transfer of the mortgage from MERS to U.S. Bank did not occur until 2010. However, Plaintiff does not have standing to assert claims that assignments required by the trust agreements were not made—and thus the trust agreement was violated—because she is not a party to or a third-party beneficiary of the trust agreement.  *Karnatcheva*, 704 F.3d at 547.  Moreover, Plaintiff offers no basis for her claim that the relevant trust documents prohibited transfer of a mortgage in the securitization pool after any specific date.  Finally, as to Plaintiff's argument that there must have been assignments of the mortgage before the closing of the trust—i.e., that the trust agreement was not violated—the trust agreement at issue makes a specific exception for mortgages held by MERS, providing that they are not assigned to the Trust at the time of the Trust's creation because MERS will hold legal title to the mortgage on behalf of the Trust.

Plaintiff's "lack of authority" argument likewise fails.  She contends that the foreclosure violated Minn. Stat. § 580.05 because there was no recorded power of attorney showing that Wells Fargo had the authority to act as attorney in fact for U.S. Bank in signing documents.  But § 580.05 requires that "[w]hen an attorney at law is employed to conduct [a] foreclosure [by advertisement], the

authority of the <u>attorney at law</u> shall appear by power of attorney . . . recorded prior to the [foreclosure] sale . . ." Minn. Stat. § 580.05 (2012) (emphasis added). Wells Fargo was not acting as an "attorney at law," so § 580.05 does not apply by its terms.  And there is no dispute that U.S. Bank through Wells Fargo executed and filed the power of attorney authorizing Shapiro (the "attorney at law") to conduct the foreclosure before the foreclosure sale.

### B. SLANDER OF TITLE

Plaintiff asserts a slander-of-title claim against the Defendant in Count 3.  (Compl. §§ 49-53.)  A slander-of-title claim requires that (1) a defendant made a false statement regarding real property owned by the plaintiff; (2) then published that false statement to others; (3) defendant maliciously published the statement; and (4) the publication caused plaintiff a pecuniary loss in the form of special damages.  *Paidar v. Hughes*, 615 N.W.2d 276, 279–80 (Minn. 2000).  The Complaint alleges that the Defendant drafted and recorded documents in support of the foreclosure that were false; that the Defendant "knew or should have known that the documents were false"; and the documents created a cloud on Plaintiff's title.  (Id. ¶¶ 50-52.)

Plaintiff has not adequately pleaded the elements of a slander-of-title claim, much less met the heightened pleading standard required under Fed. R. Civ. P. 9(b) for such claims.  *See Murphy v. Aurora Loan Servs., LLC*, 699 F.3d

10

1027, 1032 (8th Cir. 2012) (stating that Rule 9(b) applies to slander-of-title claims).  Plaintiff was required to make specific factual allegations regarding the circumstances of any alleged false statement.  *See id.*  But Plaintiff's Complaint is void of any facts from which this Court could infer that U.S. Bank made any false statement or acted with malice.  Plaintiff has also failed to plead any facts indicating that she relied on any alleged misrepresentation.  *See Welk v. GMAC Mortg.*, 850 F. Supp. 2d 976, 994 (D. Minn. 2012).  Thus, Plaintiff has failed to state a slander-of-title claim that is plausible on its face, and dismissal is appropriate.  *See Lara v. Fed. Nat'l Mortg. Ass'n,* No. 13-676 (SRN/AJB), 2013 WL 3088728, at *3 (D. Minn. June 18, 2013); *Pope v. Fed. Home Mortg. Corp*, No 12-3094 (SRN/JJG), 2013 WL 2251001, at *4 (D. Minn. May 22, 2013); *Haubrich*, 2012 WL 3612023, at *6.  Indeed, by general reference to Complaint allegations that "The Foreclosure is Invalid" (Compl. §§ 30-34), Plaintiff bases her slander of title claim on essentially the same grounds that are asserted in her wholly and repeatedly discredited quiet title arguments.  (*Id.* §§ 49-52.)

### C.     DECLARATORY JUDGMENT

The basis for the declaratory judgment claim is unclear but again it appears to be based on the same allegations as the failed quiet-title claim.  Therefore, for the same reasons stated above, the declaratory judgment claim, Count 2, must fail.  *See Lara*, 2013 WL 3088728, at *3.  "A claim for declaratory

11

judgment must be supported by a substantive legal right." *Id.* (citations omitted). "Having failed to state a substantive claim, the [Complaint] also fails to state a claim for a declaratory judgment." *Id.*

## RECOMMENDATION

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's motion to dismiss be **GRANTED**; and

2. This action be **DISMISSED WITH PREJUDICE**.


Date: February 5, 2014

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge


Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 19, 2014,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.